UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA ELBA MEJIA, | No. 2:17-cv-02354 CKD |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff applied on July 21, 2014 for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act, alleging disability beginning January 1, 2010. Administrative Transcript ("AT") 20, 186-194. She later amended her disability onset date to September 13, 2012, her fiftieth birthday. AT 20, 300.

1

Plaintiff alleged she was unable to work due to rheumatoid arthritis, high blood pressure, and knee and ankle problems. AT 118. In a decision dated December 22, 2016, the ALJ determined that plaintiff was not disabled.[1] AT 31. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.
>
> 2. The claimant has not engaged in substantial gainful activity since September 13, 2012, the amended alleged onset date.
>
> 3. The claimant has the following severe impairments: degenerative joint disease of the right knee, diabetes mellitus, obesity, and

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

rheumatoid arthritis.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, except she is able to lift and carry 10 pounds frequently and 20 pounds occasionally; she is able to sit for about six hours of an eight-hour day; she is able to stand and/or walk for about six hours of an eight-hour day; she is limited to frequent climbing of ramps and stairs; she is precluded from climbing ladders, ropes, and scaffolds; she is limited to frequent balancing and stooping; and she is limited to occasional kneeling, crouching, and crawling.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on September 13, 1962 and was 50 years old, which is defined as an individual closely approaching advanced age, on the amended disability onset date.

8. The claimant has at least a high-school education and is able to communicate in English.

9. The claimant has acquired work skills from past relevant work.

10. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy.

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 13, 2012 through the date of this decision.

AT 22-31.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the residual functional capacity determination is not supported by substantial evidence; and (2) the ALJ erred in discounting plaintiff's credibility.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340

F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A. Residual Functional Capacity

As set forth above, the ALJ determined that plaintiff could perform light work. AT 24. Plaintiff asserts that she is "unable to perform work at greater than a sedentary exertional level, due to complications from rheumatoid arthritis and degenerative joint disease of the right knee which render her unable to lift and carry or walk and stand for the six hours a day required at the light exertional level." (ECF No. 13-1 at 7.)

Social Security Ruling 96-8p sets forth the policy interpretation of the Commissioner for assessing residual functional capacity. SSR 96-8p. Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities"). RFC is assessed based on the relevant

4

evidence in the case record, including the medical history, medical source statements, and subjective descriptions and observations made by the claimant, family, neighbors, friends, or other persons. 20 C.F.R. §§ 404.1545(a)(1), 404.1545(a)(3). When assessing RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work[.]" 20 C.F.R. §§ 404.1545(a)(4).

In her December 2016 decision, the ALJ found plaintiff's rheumatoid arthritis, diagnosed in May 2016 based on laboratory tests, to be a severe impairment. AT 23. The ALJ noted that, while the "condition should respond to treatment, the undersigned has provided some limitations herein to give claimant the benefit of the doubt." AT 23, fn.1; see AT 516-518, 552. In her discussion of the medical evidence, the ALJ noted that prior to May 2016, plaintiff's treating rheumatologist had not found evidence of rheumatoid arthritis. AT 26; see AT 503.

Plaintiff asserts that her rheumatoid arthritis diagnosis "dates back further in the record than the ALJ indicates." (ECF No. 13-1 at 13.) Plaintiff cites an April 2010 laboratory test that indicated "probable rheumatoid arthritis" and resulted in a referral to a rheumatologist, Dr. Donald Powell. AT 328. In June 2010, two years before the alleged disability onset date, Dr. Powell noted "probable early rheumatoid arthritis." AT 317; but see AT 503 (February 2016 medical note that Dr. Powell "did not find evidence for" rheumatoid arthritis). At the hearing on her application, plaintiff's counsel conceded that prior to May 2016, there was no objective evidence of rheumatoid arthritis, just a "provisional diagnosis." AT 57.

The ALJ noted that the record reflected "a history of occasional right knee complaints," examination notes indicating mild swelling and other mild symptoms, and a 2011 diagnosis of right knee osteoarthritis that was treated conservatively with medications and exercise. AT 26.

Plaintiff argues that the ALJ did not sufficiently articulate how plaintiff's arthritis was accounted for in the RFC. However, the ALJ explained that she gave some credit to plaintiff's subjective complaints of arthritis, and on that basis made more restrictive findings than the physicians who examined plaintiff and reviewed her medical history.

The ALJ summarized the opinion of consultative examiner Dr. Roger Wagner, who examined plaintiff in October 2014 and noted her complaints of arthritic pain in her ankle, right

knee, right thumb, and right index finger. AT 26-27, 395. Dr. Wagner found "very minimal swelling" of the right knee, intact motor strength, intact sensation, and intact deep tendon reflexes, concluding that plaintiff's arthritis "appears to be in just a few joints" and was "more consistent with osteoarthritis and degenerative joint disease" than rheumatoid arthritis. AT 27, 399. Dr. Wagner found no limitations on manipulative activities and opined that plaintiff could perform medium exertional work. AT 28, 399. The ALJ gave little weight to Dr. Wagner's opinion, writing: "Giving the greatest weight to the claimant's subjective statements and the evidence in the record as a whole, the undersigned finds the claimant has greater overall limitations than assessed by Dr. Wagner." AT 28.

Similarly, though both State agency medical consultants opined that plaintiff could perform medium work, the ALJ opted to give "greatest weight to the claimant's subjective statements" and find that she had "overall greater exertional limitations than assessed by the State agency consultants." AT 28-29. In weighing the State physicians' opinions, the ALJ cited "recent [May 2016] laboratory blood tests which documented a positive rheumatoid factor level" among the factors she considered. AT 29. Contrary to plaintiff's argument, the ALJ explained how the medical evidence and subjective complaints of rheumatoid arthritis were reflected in the RFC for light work. Plaintiff does not explain why her arthritis limited her to sedentary work or cite medical evidence to this effect, and undersigned finds no error on this basis.

B. Credibility

Plaintiff claims that the ALJ erred in finding plaintiff less than fully credible as to her subjective symptoms. Though the ALJ gave plaintiff's subjective complaints some credit, as discussed above, she found that they limited plaintiff's ability to work "only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence." AT 27-28.

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be

supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Here, the ALJ contrasted plaintiff's claimed functional limitations with her statements in a 2014 disability questionnaire, wherein she wrote that in a typical day, she performed a variety of activities including "clean the house; sweep, do dishes; do laundry; throw out the garbage; clean the yard; pull weeds and plant flowers; cut the grass; live with and care for her young daughter;" do school drop-off and pickup, and go grocery shopping, among other tasks. AT 25; see 246-247. Similarly, plaintiff testified at the hearing that she did cooking, laundry, and grocery shopping for herself, her adult daughter, her minor daughter, and her minor grandson, all of whom lived with

her, and took care of her grandson while her daughter was at work. AT 27; see 44-45. The ALJ concluded that this "evidence is inconsistent with the claimant's alleged severity of her symptoms and limitations." AT 27.

"[D]espite the claimant's allegations of disabling symptoms that prevent all work," the ALJ continued, "the treatment records reflect that the claimant was able to engage in volunteer activities following her amended alleged onset date." AT 27. The ALJ noted plaintiff's ability to perform volunteer cooking and cleaning services in 2014 and 2015 and work part-time at a dog shelter in 2015. AT 27; see AT 472, 497.

Plaintiff argues that her daily activities were not inconsistent with her testimony about the severity of her symptoms, as she stated that some activities were difficult or painful. See, e.g., AT 246-247. However, the ALJ could reasonably contrast plaintiff's claims of disabling symptoms with her documented ability to perform a wide range of physical and mental activities on a daily basis. See Burch v. Barnhart, 400 F.3d 676, 680-681 (9th Cir. 2005) (where claimant could care for her own personal needs, cook, clean, shop, and interact with family members, ALJ did not err in discounting claimant's credibility as to severity of symptoms). Where evidence of a claimant's daily activities "may also admit of an interpretation more favorable to [her]," the court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation. Id.

After discussing the objective medical evidence, the ALJ noted that "the course of treat[ment] prescribed for the claimant's symptoms has been overall routine and conservative and consisted primarily of medication treatment. This evidence is further inconsistent with the claimant's alleged severity of her symptoms and limitations." AT 27. Next, the ALJ gave partial weight to the opinions of State agency physicians Dr. Greene and Dr. Trias, both of whom reviewed plaintiff's medical history and opined that she could perform medium exertional work. AT 28. As discussed above, the ALJ settled on a more restrictive RFC of light work, as she found plaintiff's subjective complaints somewhat credible.

As the ALJ used the proper process and provided proper reasons for her credibility determination, the court defers to her discretion on this issue.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18) is granted; and

3. Judgment is entered for the Commissioner.

Dated: January 18, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/mejia2354.ssi.ckd